Farnsworth v. Bell.

The cause was argued by Thos. D. Arnold for plaintiff in error, and Thos. A. R. Nelson for defendant in error.

REESE, J., delivered the opinion of the ° Court:

The promise contained in the paper signed by McClellan was not *nudum pactum*, but the word "deliverable" in that paper, and the letter of McClellan, from Washington city, were sufficient to authorise the jury to infer an agreement on the part of Cunningham to deliver . the morus multicaulis roots and cuttings.

*Judgment affirmed.*

KNOXVILLE, SEPTEMBER TERM, 1848.

FARNSWORTH *v.* BELL.

MOTION BY SURETY AGAINST PRINCIPAL.

TRIAL BY CIRCUIT JUDGE WITHOUT JURY.

Upon trial of a motion to recover money paid as surety, originally made before a Justice of the Peace, the Circuit Judge is competent to try without a jury.

Farnsworth paid money as surety for Bell, and took judgment for the amount, on motion before a justice of the peace. Defendant obtained writs of *certiorari* and *supersedeas*, and brought the papers up to the circuit court. The Circuit Judge gave judgment in favor of the

defendant, from which the plaintiff appealed to the supreme court. [1]

Maxwell, for plaintiff in error.

Arnold, for defendant in error.

REESE, J., delivered the opinion of the Court:

This was a matter which the circuit judge could determine without the intervention of a jury, and there was no error in the judgment below.

*Judgment affirmed.*

McNEW's Executors *v.* DAVID ROGERS.

PRACTICE AT LAW.—*Notice to take Depositions.*

1. When it appears that a party attended and cross-examined a witness, notice to take his deposition need not be shown, in order to permit the same to be read.

2. SAME. A notice to take depositions on one of two days will not authorize a party to take them on the last day, unless he commences on the first day and continues over until the second.

3. SEMBLE, that there is no rule in the Circuit Court that prohibits a party from taking the deposition of the same witness more than once; but if there were, an abortive attempt to take a deposition would not exclude one subsequently taken.

It appears from the record in this cause, that at the January term, 1845, an order was made giving both parties leave to take depositions generally. At the January term, 1847, an order was made reviving all orders

(1) Justice of Peace no jurisdiction in such cases. Vanbibber v. Vanbibber, 10 Humph. 53. Unless such suretyship appear on the face of the note, bill, bond, etc., Cannon v. Wood, 2 Sneed 177. Statutes authorizing such motions to be strictly construed and pursued, Fussel v. Greenfield, 1 Sneed 337; Voorhies v. Dickson, 1 Sneed 348; Watkins v. Barnes, 1 Sneed 201.