## JOSEPH GARLAND *v.* OLIVER LANE & TR. ·

The signatures of the note and the endorsement declared on, not having been denied and notice thereof entered upon the docket, are admitted, by the rule.

The provisions made by the law of the United States, of June 30, 1864, sec. 163, for stamping in the presence of the court where it is used, any instrument *before* that law signed or issued without being stamped, are not repealed or affected by the law of March 3, 1865, which applies to instruments requiring stamps *under* the law of June 30, 1864.

Where a negotiable promissory note is given for the price of liquors illegally sold, and a suit is brought upon it by an endorsee, the burden is on him to prove that he is a *bona fide* holder for value, if he undertakes to shut out the defense arising from the illegality of the sale.

Where spirituous liquors were ordered of a dealer in Boston to be forwarded to the purchaser in this State by railroad, the sale is complete the moment the goods are delivered to the carrier, and the sale must be regarded as made in Massachusetts.

It having been shown that such sale was illegal by the laws of Massachusetts, without a license, the burden is upon the plaintiff to prove such license, he not having shown that he was a *bona fide* holder for value.

THIS was assumpsit, founded upon defendant's promissory note, dated Nov. 20, 1863, for $22.11, payable to S. Ropes & Co., or order, on demand, with interest.

The note purported to be endorsed by the payees. The note was specially declared on, as an endorsed note to plaintiff. The plea was the general issue.

1. The defendant contended that plaintiff was bound to prove the endorsement of the note. It not appearing that either the signature or endorsement had been denied on the docket, the court overruled this objection, and admitted the note without proof of the endorsement.

2. The note was without a stamp, and had never been stamped. Subject to defendant's objection, the court permitted the plaintiff to annex a stamp and cancel the same.

3. The defendant contended that the note was given for spirituous liquors, sold without license or authority of law. The original payees were residents of the city of Boston. The defendant resided in Exeter. It appeared in evidence that about the last of July, 1863, one of the firm of Ropes & Co., called upon defendant at his place of residence in Exeter, and bargained with him for a bill of liquors, which was delivered Aug. 3, afterwards, including rum, gin, &c., amounting to $162.61. The price of the liquor was settled, and it was further then agreed, that the payees of the note should forward by railroad to defendant one or more quantities of liquor, upon defendant's order. The liquors were to be forwarded by the railroad from Boston to the defendant, and defendant did pay the freight on the same to Exeter. Defendant accordingly ordered on the 24th of August, 1863, another bill of liquor, for which he was charged $29.45, and in the same way on the third day of September, the third bill, amounting to $30.45 ; all amounting to $222.57.

On the day of the date of the note in suit, the defendant sold and delivered in Exeter a horse to Ropes & Co., in part payment of the aforesaid liquor, and without designating the application of the payment,

and for the balance due them, he then and there executed the promissory note now in suit.

Plaintiff's writ was dated Dec. 25, 1863.

Defendant contended, that, both by the laws of this State and Massachusetts, the note in suit was given for an illegal consideration.  To show what the statute law of Massachusetts was, he was permitted against the objection of plaintiff to show the general statutes of Massachusetts, being the revised edition of their laws, of A. D. 1860, and to read section 17, 440th page, also section 18, 442d page, without other proof of the then existing law in that State, on this subject.

No evidence was offered by either party, that Ropes & Co., were or were not licensed under the Massachusetts law to sell spirituous liquors. Defendant contended under this evidence, that he was not bound to show that he was the *bona fide* holder of the note, having received the same without notice of any defect in the consideration, and was in all respects the innocent endorsee or holder of the note at the time the suit was brought.

Upon this point the court ruled for the plaintiff, whereupon a verdict was directed for plaintiff, subject to be set aside and a new trial granted upon the decision of the whole court, upon the case stated.

*Towle,* for plaintiff.

*Wood,* for defendant.

BELLOWS, J.  The signatures of the note and endorsement not having been denied by notice upon the docket accompanied by an affidavit, they were to be considered as admitted by the express terms of the rule.

As to the stamp, it appears that the note was made November 20th, 1863, and by law of June 30, 1864, section 163, any instrument before that time signed or issued without being duly stamped, may be stamped in the presence of the court wherein it is desired to use it, and thereby be made valid; and under this law the plaintiff was permitted in court, on the trial at April Term, 1865, to affix and cancel the requisite stamp to this note.

. The question, then, is, whether this law of June 30, 1864, was then in force and applicable to the note in suit, and this depends upon the construction to be given to the law of March 3, 1865.

By that law, section 158 of the law of June 30, 1864, is amended by striking out all after the enacting clause and re-enacting it substantially with two new provisos.  By that section both in the law of June 30, 1864, and in that of March 3, 1865, a person making any instrument without duly stamping the same, is subject to a penalty, in the first law, of $200.00, and, in the other, of $50.00, and such instrument is declared to be invalid and of no effect; but in a new proviso, in the law of March 3, 1865, it is enacted that where a party has not affixed the proper stamp to any instrument· required by the act of June 30, 1864, and is desirous of doing so, he may appear before the collector of the district and on payment to him of the price of the proper stamp,

and the penalty imposed, unless he shall satisfy the collector that he had no design to defraud the United States of the duty, such collector shall affix the proper stamp, and the instrument shall thereupon be deemed valid.

It will be perceived that this law applies only to cases where the stamps required by the law of June 30, 1864, were not affixed, and as the note in question was made in November, 1863, and the stamp required was under a law made prior to that of June 30, 1864, it is quite clear that the law of March 3, 1865, does not apply here; and such, we understand, is the construction given by the department at Washington.

Therefore, the provisions of section 163 of the law of June 30, 1864, are, in respect to instruments made prior to that act, left in full force, and the note in question was made valid by affixing the proper stamp in the presence of the court.

The law of 1864 authorizing stamps to be affixed in the presence of the court, applied only to instruments made *before* the passing of that act, and the law of March 3, 1865, so far as regards the provisions under consideration, was designed to provide for instruments made under the act of June 30, 1864.

The remaining question is, whether the note was given upon a good and legal consideration, being for part of the price of certain spirituous liquors sold by S. Ropes & Co., the original payees, to the defendant, Lane. On the trial the defendant offered evidence tending to prove that the note was given in the settlement of an account for liquors, and contended that this defence was available against the endorsee, unless he proved that he was a *bona fide* holder of it, and that defendant was not bound to show that he was not; but the court ruled otherwise, and directed a verdict for the plaintiff.

In this, we think, there was error; for it is now well settled in this State and elsewhere, that if the note was obtained by fraud or duress, or upon an illegal consideration, and it comes into the hands of an endorsee, the burden is upon him to show that he is a *bona fide* endorsee and for value. *Clark* v. *Pease*, 41 N. H. 414, where the cases are collected and thoroughly considered.

Where the defect is merely a want of consideration the rule is otherwise, and the endorsement is *prima facie* evidence of an adequate consideration for it. *Horn* v. *Thompson*, 31 N. H. 562.

The reason for this distinction is said to be that in the case of fraud, duress, or illegality of consideration, a presumption arises that the party so obtaining it would transfer it, that the suit might be brought in another's name.

In relation to some of the liquors, it appeared that defendant ordered them of the original payees who were dealers in those articles in Boston, Massachusetts, to be forwarded by railroad to Exeter, New Hampshire, where the defendant resided; and they were so forwarded, and the defendant paid the freight on them.. If this was to be regarded as a sale in this State it would clearly be illegal unless the sellers were specially authorized under our laws to make such sales, of which there

was no proof. If, on the other hand, they are to be regarded as sales made in Boston, they appear by the evidence received to have been equally illegal, unless some authority to sell were shown. The sellers were dealers in Boston, the order was there received, and the goods were forwarded to defendant at Exeter, by railroad, as it was arranged they should be, and the defendant paid the freight.

This, then, is a delivery in Boston and a completion of the sale there. Where goods are ordered of a tradesman to be sent by a carrier, although no particular one be named, the moment they are delivered to the carrier it operates as a delivery to the purchaser, and the whole property at once vests in him, the carrier, in fact, being considered the agent of the buyer and not of the seller. *Dutton* v. *Solomonson*, 3 Bos. & Pul. 584; Story on Con. secs. 804, 806; 1 Parsons on Con. 445; *Cooke* v. *Ludlow*, 2 B. & P. New Rep. 118, and note, and *Vale* v. *Bayle*, Camp. 294.

As to the other sale of liquor, the bargain was made in Exeter, and it does not appear whether the delivery was there or in Boston; but this is immaterial, not only because the sale would be illegal in both States unless special authority were shown, but because the price of the liquors sold at the several times was brought into the same account, and the note given for a general balance.

One question only remains, and that is, whether the burden was upon the plaintiff to show that the sellers were duly licensed, under the laws of Massachusetts, to make these sales, and we think it is well settled in this State that it was. *Bliss* v. *Brainard*, 41 N. H. 256; *Doolittle* v. *Lyman*, 44 N. H. 608.

The fact that the action is brought in the name of an endorsee can make no difference; because, not having shown that he was a *bona fide* holder for value, the defence stands upon the same footing as if the suit were brought by the original payees.

Upon these views there must be, therefore,

*A new trial.*