NATHAN HILTON, JR., *versus* BENJAMIN WALKER.

To assumpsit on account annexed, amounting to $122,99, the defendant duly filed in set-off an account amounting to $361,20. At the trial the jury returned a verdict "that there is a balance due the plaintiff of eighteen cents, that the defendant did promise," * * and that they " assess damages for the plaintiff in the sum of eighteen cents;" — *Held*, that the plaintiff is entitled to recover for costs no more than one-quarter of his damages.

ON EXCEPTIONS.

INDEBITATUS ASSUMPSIT on account annexed, amounting to $122,99. The defendant seasonably filed in set-off an account amounting to $361,20. The case had been heard by an auditor, who reported a balance due the plaintiff of thirty-two dollars. At the trial at *Nisi Prius*, testimony

was introduced tending to prove the items in both accounts. The jury returned the following verdict, to wit: —

"The jury find that there is a balance due the plaintiff of eighteen cents, and that the defendant did promise in manner and form as the plaintiff has declared against him, and assess damages for the plaintiff in the sum of eighteen cents."

Whereupon the plaintiff claimed full costs, to which the defendant objected. The presiding Judge directed judgment to be entered for the plaintiff for eighteen cents damages, and for costs no more than one-quarter of his damages; to which ruling the plaintiff alleged exceptions.

*S. M. Harmon*, in support of the exceptions, cited *Lawrence* v. *Ford*, 44 Maine, 427.

*N. S. & F. J. Littlefield*, for the defendant, cited R. S., c. 151, § 13; *Lawrence* v. *Ford*, 44 Maine, 427; *Thompson* v. *Thompson*, 31 Maine, 130; R. S., c. 82, § 98.

DANFORTH, J. — It is evident that the plaintiff, having obtained a verdict for less than twenty dollars, can recover only quarter costs, unless his case comes within the R. S., c. 82, § 98. The action is assumpsit. An account in set-off is filed, and the amount recovered is less than twenty dollars. In such cases, by the provisions of the statute, the plaintiff is entitled to full costs if the jury certify in their verdict that the damages were reduced as low as that sum "by reason of the amount allowed in set-off." The inference is inevitable that, without such certificate, he can recover only quarter costs. No such certificate is found in this case; but it is claimed that there is an equivalent, as the verdict shows that the sum found is for a balance due. It is somewhat difficult to see how this follows. The amount of the verdict may as well be a balance between two sums under twenty dollars, as if they, or either of them were over that sum. And by this verdict, we have no means by which we can determine whether the sum found due was reduced as low as twenty dollars "by reason of the amount

allowed in set-off." Nor do we get any additional light if we look into the other papers in the case, if we were legally permitted to do so. We have nothing from which we can form any conclusion as to the amount allowed either party, and hence we are entirely unable to say whether the plaintiff was allowed over or under twenty dollars.

But the statute requires that the verdict of the jury, where, as in this case, there is one, should make the fact of the reduction certain, and it is to appear from that and that alone. We are under no obligation, nor have we any authority, to reason upon the circumstances of the case and draw inferences as to what a jury might or might not do. The statute is peremptory. It is plain and easily followed, and we see no reason for departing from its provisions. In this case the verdict may be entirely true and yet the damages not reduced below twenty dollars " by reason of the amount allowed in set-off."

*Thompson* v. *Thompson*, 31 Maine, 130, settles the question involved in this case.         *Exceptions overruled.* *

APPLETON, C. J., KENT, WALTON and DICKERSON, JJ., concurred.

BARROWS and TAPLEY, JJ., did not concur.

* The following case was argued at the same term.

ASAHEL W. FULLERTON *versus* PAULINA T. GRANT.

ON EXCEPTIONS.

INDEBITATUS ASSUMPSIT on account annexed, amounting to $205,58. The defendant seasonably filed in set-off an account amounting to $190,99. The jury returned a verdict in favor of the plaintiff, like the one in *Hilton* v. *Walker*, excepting the amount was $8,50. The Judge presiding at the trial of this case allowed full costs and the defendant alleged exceptions.

*A. Merrill*, in support of the exceptions.

*Smith & Reed*, for the plaintiff, contended that,

I. Full costs are always allowed "unless otherwise specially provided." R. S., c. 82, § 94; *Ellis* v. *Whittier*, 37 Maine, 548. It does not appear that this action should have been brought before a justice; so R. S., c. 82, § 97, is not applicable. *Hathorn* v. *Cate*, 5 Greenl., 74. If the jury have not certified in their verdict, § 98 does not. Statute has been changed since *Thompson* v *Thompson*, 31 Maine, 130.

---

II. Jury obviously intended by " balance due" the substance of the statute certificate, and their intention, thus expressed, should govern.

III. If the verdict does not exclude the possibility that the case might have been brought before a justice, it leaves no reasonable doubt that the action was properly commenced, and that the spirit and intention of the law has been satisfied. See also *Lawrence* v. *Ford*, 44 Maine, 430; *Chesley* v. *Brown*, 11 Maine, 149.

*Per Curiam.* —The question raised in this case is settled in the decision made in *Hilton* v. *Walker*.

