CONNOR *v.* FOLLANSBEE & a.

Parol evidence of the payment of the consideration of a deed by one not the grantee is competent to show a resulting trust.

The express consideration in a deed cannot be contradicted by parol evidence by the parties to it, or by those holding under them, to defeat the conveyance.

An attaching creditor of a grantee of land, whose deed was obtained by
fraud, acquires by his attachment no lien upon the land against the
grantor.

BILL IN EQUITY, to enjoin the defendants from levying an execu-
tion against Patrick Sullivan, on the plaintiff's land. The land
was purchased with the plaintiff's money, and the deed taken in
the name of her husband. The plaintiff and her husband, in 1870,
by an absolute, unconditional deed, conveyed the land to Sullivan,
on his representations that he would care for it, collect the rents,
pay the taxes and other expenses, and account for the balance by pay-
ing a mortgage on the land, and when that should be paid, recon-
vey the land to the plaintiff. The conveyance was not made to
defraud the plaintiff's creditors. Sullivan collected the rents and
paid the mortgage, but remortgaged the land to raise money for
his own use. After repeated requests and refusals, Sullivan re-
conveyed the land to the plaintiff in 1877. The plaintiff and her
husband were absent for about two years from the time they gave
the deed to Sullivan, when they returned, and have occupied the
land ever since. In 1875, the defendants, having no knowledge of
any trust in favor of the plaintiff, attached the land on a writ
against Sullivan, obtained judgment in 1877, and were proceeding
to levy their execution upon it, when this bill was brought. , The
defendants objected to any evidence showing the payment by the
plaintiff of the consideration of the deed to her husband, and any
evidence of the reasons of the conveyance to Sullivan, or his verbal
promise to reconvey.

*Perkins* and *Sulloway & Topliff*, for the plaintiff.

*Osgood* and *Little*, for the defendants.

ALLEN, J.   The property having been purchased with the plain-
tiff's money, and a deed taken in the name of her husband, a trust
resulted in favor of the plaintiff, and the payment of the money by
her, from which the trust arose, could be shown by parol evidence.
*Scoby* v. *Blanchard*, 3 N. H. 170; *Pritchard* v. *Brown*, 4 N. H.
397; *Gove* v. *Lawrence*, 26 N. H. 484.

The expressed receipt of a consideration in the deed of the plain-
tiff and her husband to Sullivan could not be contradicted by parol
evidence for the purpose of defeating or avoiding the conveyance—
*Horn* v. *Thompson*, 31 N. H. 562; *Farrington* v. *Barr*, 36 N. H.
86—nor for the purpose of showing a resulting trust in favor of
the plaintiff. *Graves* v. *Graves*, 29 N. H. 129. The evidence
offered by the plaintiff to show a want of consideration for the
deed to Sullivan, and a trust for her benefit, was incompetent for
that purpose; and no trust in the land, not arising by implication
of law, could affect the rights of the defendants, unless it was cre-

ated or declared by a written instrument. Gen. St., *c.* 121, *s.* 13. The defendants' attachment being made in good faith, their levy could not be restrained or defeated by a secret parol trust in favor of the plaintiff. If Sullivan's deed was obtained by fraud, it was void as against the plaintiff, and the defendants acquired by their attachment no lien on the land against her. *Ladd* v. *Rice*, 57 N. H. 376. The fact of fraud was not found, but, there being evidence from which it might be inferred, the report will be recommitted for a finding on that question, and the case disposed of at the trial term accordingly.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.