Runnells & a. *v.* Bosquet, N. I. & S. Co., *Tr.*, and Jaquet,
           *Claimant.*

An assignment, in writing, under seal, of wages to be earned, is fraudulent and invalid as against the assignor's creditors, if made without consideration, or for the purpose of defeating the claims of creditors, notwithstanding it is accepted by the employer and filed in the town-clerk's office, according to the provisions of Gen. Laws, *c.* 249, *s.* 48, and its fraudulent character may be shown by evidence *aliunde*.

Foreign Attachment. The plaintiffs seek to charge the trustee for the wages of the defendant. The claimant demands the wages by virtue of a written assignment under seal, made to him by the defendant and accepted by the trustee, with whom the defendant then had a contract for labor, and filed in the clerk's

office of the city where the parties resided, before any of the wages in question were earned. Against the objection of the claimant, the referee received evidence from which he found that the assignment was not upon a sufficient consideration, and the purpose of the parties in making the assignment was to secure to the defendant a part of his wages and prevent the same from being taken by his creditors under trustee process.

*French*, for the plaintiffs.

*Cutter*, for the claimant.

ALLEN, J.   The receipt of payment of the consideration expressed in a deed of conveyance, or any instrument of assignment under seal, cannot be contradicted for the purpose of defeating the conveyance or assignment; but for any other purpose the true consideration may be shown. *Pritchard* v. *Brown*, 4 N. H. 397; *Buffum* v. *Green*, 5 N. H. 71, 82; *Graves* v. *Graves*, 29 N. H. 129; *Horn* v. *Thompson*, 31 N. H. 562; *Nutting* v. *Herbert*, 35 N. H. 120. All conveyances, assignments, and contracts are vitiated by fraud, and may be avoided at the election of the party injured, who may show the fraud for that purpose. The conveyance or assignment is always void against the creditors of the grantor or assignor, when it is a deed or bill of sale attended with a secret trust (*Coolidge* v. *Melvin*, 42 N. H. 516); or an absolute deed intended as a security for a debt with an agreement for a reconveyance (*Tifft* v. *Walker*, 10 N. H. 150); or a voluntary conveyance without consideration (*Carlisle* v. *Rich*, 8 N. H. 44; *Drew* v. *Rust*, 36 N. H. 335, 342); or a conveyance with an inadequate consideration designed to secure some benefit to the grantor or assignor, and with the intention of hindering, delaying, or defrauding creditors. *Blodgett* v. *Webster*, 24 N. H. 91; *Smith* v. *Smith*, 11 N. H. 459.

The claimant's position, that wages to be earned could not be assigned, and so there could have been no conveyance fraudulent against the defendant's creditors, would, if tenable, defeat the assignee's claim; for to succeed he must make out a valid assignment. An assignment of wages to be earned, under a contract of labor existing at the time of the assignment, is valid; but wages to be earned generally and indefinitely, without regard to any contract of labor, cannot be assigned. A mere possibility is incapable of assignment. If coupled with an interest, it is assignable. *Mulhall* v. *Quinn*, 1 Gray 105; *Hartley* v. *Tapley*, 2 Gray 565, 566; *Emery* v. *Lawrence*, 8 Cush. 151; *Brackett* v. *Blake*, 7 Met. 335; *Low* v. *Pew*, 108 Mass. 347. The defendant, at the time of the assignment, was in the employ of the trustee under such a contract as made his future earnings assignable, if the assignment was in good faith and for an adequate consideration. The assign-

ment was not upon an adequate consideration, and was made for the purpose of securing to himself the benefit of his wages and of defeating the claims of his creditors. This was a fraud, in fact, upon his creditors, and as to them was void, and the assignee fails in his claim.

The statute of 1873, *c.* 9, *s.* 1, Gen. Laws, *c.* 249, *s.* 48, making all assignments of wages to be earned invalid against the laborer's creditors, unless accepted by the employer and filed in the town-clerk's office, did not provide a device for making illegal and fraudulent assignments legal, any more than the statute provisions relating to the execution and recording of mortgages made fraudulent mortgages valid. The law provided a way for a general notice of the assignment, and left the qualities of the contract, as to fraud and good faith, as they were before the statute, which, in a case like this, will not protect the assignee.

*Trustee charged.*

BINGHAM, J., did not sit: the others concurred.