[Hillsborough, December, 1881.]

HALE & *a. v.* MANCHESTER & KEENE RAILROAD & *a.*

61a 641
66  168

CARPENTER, J.   All the objections now presented to the confirmation of the sale were equally objections to ordering the sale, and it must be presumed that they were either not presented, or, if presented, were considered and overruled.   By the decree ordering the sale the defendants are concluded upon all matters which were or might have been urged against that decree.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.

*Briggs & Huse* and *W. E. Chandler*, for the plaintiffs.

*W. W. Bailey* and *F. A. Brooks* (of Massachusetts), for the defendants.

---

[Hillsborough, December, 1881.]

ALLEN & *a. v.* PICKETT & *Tr.*

COLBURN *v.* CROOKER & *Trs.*

FOREIGN ATTACHMENT.   Issue between the plaintiff and claimant.   The facts are substantially the same in both cases.   The defendant, for a valuable consideration, gave to the claimant an order for his future wages, which was accepted by the trustee and recorded.   After receiving the order, the claimant supplied the defendant with groceries and other necessaries, and also, upon several occasions, gave to him or to his wife small sums of money, for the purpose of buying necessaries elsewhere, and for purposes which did not appear.   All the transactions were had in good faith, and with no intent to defraud or hinder the defendant's creditors.

*J. H. Andrews* and *G. B. French*, for the plaintiffs.

*W. W. Bailey* and *Barnes & Twiss*, for the claimants.

CARPENTER, J.   The trustees must be discharged.   G. L., *c.* 249, *s.* 48 ; *Runnells* v. *Bosquet*, 60 N. H. 38.

*Trustees discharged.*

CLARK, J., did not sit: the others concurred.