Strafford,
June 30, 1903.

## ROBERTS, *Trustee,* v. FERNALD, *Adm'r.*

In an action brought in a state court by a trustee in bankruptcy for the recovery of the debtor's property, evidence other than the records of the federal court is inadmissible to prove that the claims of petitioning creditors were insufficient in amount to warrant an adjudication of bankruptcy.

In such action, evidence that the defendant had no notice of the pendency of the bankruptcy proceeding, and that his name did not appear in the list of creditors filed therein, is immaterial and properly excluded.

ASSUMPSIT, to recover money collected in fraud of the bankruptcy act. Facts found, and case transferred from the February term, 1903, of the superior court, by *Young*, J.

August 16, 1901, the defendant brought an action against Mathes Brothers, attached property therein, recovered judgment upon default, levied upon the property attached, and had the execution returned as satisfied,—all prior to December 1, 1901. The records of the United States district court for the District of New Hampshire show that Mathes Brothers "were duly adjudged" bankrupts, under the United States bankruptcy act, January 2, 1902, upon a creditors' petition filed December 2, 1901, and that the plaintiff was appointed trustee of their estate. Upon these facts a verdict was found for the plaintiff, subject to the defendant's exception.

The defendant offered to prove that the claims of the petitioning creditors in the bankruptcy proceeding did not amount in the aggregate to $500, that he did not have notice of the pendency of the proceeding, and that his name did not appear in the list of creditors filed therein. The evidence was excluded, subject to exception.

*William F. Nason* and *William H. Roberts*, for the plaintiff.

*Arthur G. Whittemore* and *Frank F. Fernald*, for the defendant.

CHASE, J. The only questions discussed by the defendant in his brief are those arising upon the exception to the exclusion of the evidence offered by him, and no other question has been considered. The evident purpose of this evidence was to show that the United States district court had no jurisdiction to adjudicate Mathes Brothers bankrupts and appoint a trustee of their estate, so far, at least, as the defendant is concerned.

The defendant's first proposition is that the action of the district court is absolutely void, because the petitioning creditors in that court did not hold provable claims against the alleged bankrupts amounting in the aggregate to $500 or more in excess of the value of securities held by them, as required by section 59, subdivision 3, of the bankruptcy act of 1898. 30 U. S. Stat., c. 541. If it appeared from the records of the court that the claims of the petitioning creditors amounted to a less sum than $500, the defendant's proposition might be tenable. Although the district courts of the United States are courts of general jurisdiction as to many matters, special and summary powers in relation to bankruptcy are conferred upon them by statute; and so far as such proceedings are concerned, they have been regarded by courts of high character like courts of special and limited

powers, whose jurisdiction will not be presumed in other courts, but must appear from their records to entitle their decrees to recognition. *Morse* v. *Presby*, 25 N. H. 299; *Horn* v. *Thompson*, 31 N. H. 562, 571; *Farnam* v. *Davis*, 32 N. H. 302, 309; *Eaton* v. *Badger*, 33 N. H. 228, 237; *Haywood* v. *Charlestown*, 34 N. H. 23, 26; *Carleton* v. *Insurance Co.*, 35 N. H. 162, 167. But the defendant's offer was not of evidence tending to prove that the records of the district court show an inadequacy of claims, but of evidence tending to prove the fact independently of the records and probably in conflict with them. By the forms prescribed by the United States supreme court, under the authority of section 30 of the bankruptcy act, the petition should allege that the petitioners have provable claims of the requisite amount, and the nature and amount of each claim should be stated. The allegations of the petition must be verified by the oaths of the petitioners. 172 U. S. 681; 30 U. S. Stat., *c.* 541, *s.* 18c. The case states that the records of the district court show that Mathes Brothers "were duly adjudged" bankrupts. The question was not raised that this record was insufficient to prove jurisdiction. If it is insufficient,—if the record of the petition, its service, and other proceedings prior to the adjudication should have been put in evidence,—the defendant is not in a position to avail himself of the fact; he should have objected to the evidence on this ground at the trial, when the defect could be, and probably would have been, remedied. As the case is presented here, it must be taken for granted that the records show that the claims of the petitioning creditors were sufficient in amount to give the court jurisdiction of the subject-matter, and that the district court so adjudged. This being so, the adjudication cannot be attacked in this action. If the record is not true, the adjudication may be voidable, but it is not absolutely void, and the defendant must look to the district court for relief, if he would avoid its consequences. *State* v. *Kennedy*, 65 N. H. 247; *Small* v. *Benfield*, 66 N. H. 206; *Pendexter* v. *Cate*, 66 N. H. 270; *Spaulding* v. *Groton*, 68 N. N. 77.

The defendant also says the proceedings of the district court were void as to him because he had no notice of their pendency, and his name did not appear in the list of creditors filed therein. The bankruptcy act does not require notice to be given to creditors of the pendency of a creditors' petition against an alleged bankrupt for an adjudication in bankruptcy. The notice is to be given to the defendant (the alleged bankrupt) in person, or, if this cannot be done, by publication. 30 U. S. Stat., *c.* 541, *ss.* 18a, 58. Other creditors may join in the petition after it has been filed, or may appear and oppose the granting of it. *Ib.*, *ss.* 18b, 59f. It is made the duty of the judge to make an adju-

dication of bankruptcy, or to dismiss the petition, without delay, after the issues are formed or the time for forming them has elapsed. *Ib., ss.* 18d, 18e. The court having jurisdiction of the subject-matter (*Ib., s.* 2) and of the alleged bankrupt by the service of notice upon him as required by the act, its decree of adjudication binds him and all persons claiming any interest in the estate through him. Creditors are not deprived of their property by the adjudication without due process of law within the meaning of the United States constitution, because they have no personal notice of the proceeding. *Hanover Nat'l Bank* v. *Moyses,* 186 U. S. 181, 190. A creditor who has had no notice of the petition cannot attack the decree of adjudication, provided the records show that the proceedings were according to law. So far as the adjudication is concerned, he is privy in estate with the defendant in the action, and is bound by the adjudication equally with the defendant.

In the proceedings for the settlement of the estate after the adjudication, provision is made for giving creditors notice of the steps to be taken which will affect their interests. The bankrupt is required to file a list of the creditors, verified by his oath, within five (now ten) days after the adjudication, unless further time is granted; and if he fails to do it, the duty is placed upon the referee in bankruptcy. 30 U. S. Stat., *ss.* 18b, 39. In involuntary proceedings, the names of creditors first appear in this list. The first meeting of creditors is the one called for the appointment of a trustee or trustees, etc. *Ib., ss.* 44, 55. Notice of the meeting is given to the creditors by mail ten days before the meeting, and also by publication. *Ib., s.* 58a, b. Debts that have not been scheduled in time for proof and allowance, with the name of the creditor if known by the bankrupt, are not affected by the bankrupt's discharge, unless the creditor had actual notice or actual knowledge of the proceedings. *Ib., s.* 17. While, under these provisions, the debt of the defendant in this action may not be discharged by the bankrupt's discharge, unless the defendant had actual knowledge of the bankruptcy proceedings, the adjudication of bankruptcy is binding upon the defendant, and carries with it all incidental results. *Morse* v. *Presby,* 25 N. H. 299, 304, 305. Among these results is the right given to the trustee in bankruptcy to take possession of the bankrupt's estate and to recover property and money of persons into whose possession it has passed in violation of the bankruptcy act. The fact that the defendant's name did not appear upon the list of creditors, and that he had no notice of the bankruptcy proceeding, would not affect the court's jurisdiction in respect to the adjudication of bankruptcy, nor the title of the plaintiff to maintain this action;

and consequently the evidence offered in support of the fact was immaterial and rightly excluded.

*Exceptions overruled.*

All concurred.