## Gilliam v. Guffy.

(Decided March 8, 1911.)

### Appeal from Butler Circuit Court.

Appeal—Finding of Fact by Chancellor—The finding of a chancellor on an issue of fact will not be disturbed upon appeal, if the truth of the matter is in doubt, and the evidence in favor of his finding is as strong as the evidence against it.

N. T. HOWARD and GARDNER & WOOD for appellant.

No brief for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee is the father of the appellant, and was her statutory guardian. The appellant became of age on October 17, 1907; and in January, 1908, the appellee made his final settlement as her guardian in the Butler County Court. It showed that he owed the appellant something over $2,100. The settlement was approved at the February term, 1908, of the Butler County Court; and, among other credits, it showed that appellee was given credit for the following payments of money to the appellant:

Voucher No. 6 (Nov. 2, 1907), for .............. $500 00
Voucher No. 7 (Nov. 15, 1907), for ........... 500 00
Voucher No. 9 (Dec. 20, 1907), for ........... 1,194 20

On September 29, 1908, appellant conveyed her farm of about one hundred acres to her father, for a consideration of $400, which sum, it is alleged, is much less than its value.

On May 7, 1910, about two and a half years after the settlement, appellant brought this suit against her guardian, alleging that she had signed and delivered voucher No. 7 for $500 to her father on November 2, 1907, upon his agreement to deposit that sum of money to her credit in the Morgantown Deposit Bank, soon after the signing and delivery of the receipt, but that he had wholly failed to do so, although he had taken credit for the $500 in his settlement. The petition further alleges that when appellant delivered voucher No. 9, for $1,194.20, to her father on December 20, 1907, he paid her only $994.20 by check, but that on November 21, 1908, and before this suit was filed, he had deposited the remaining $200 called for by voucher No. 9 to her credit in the John M. Carson

Banking Co.'s bank, and that she had since received it.. She brought this action in May, 1910, two and a half years after the settlement, in which she seeks to recover the $500 represented by voucher No. 7, of November 15th, 1907; the unpaid interest on the $200 balance from December 20, 1907, to November 21, 1908, the day it was paid; $316.87 rent for the farm; $10, the value of the timber cut therefrom, and a rescission of the conveyance for the farm. All matters in controversy, however, with the exception of the $500 called for by voucher No. 7, have been settled between the parties, and are no longer in dispute.

The payment of this $500 raises a clear cut issue of fact, and the evidence upon that issue is sharply conflicting and wholly irreconcilable. The appellee swears, positively, that he paid this $500 in greenback currency to the appellant on November 15, 1907, in the front room of his residence, and took the voucher, No. 7, as evidence of the payment. The appellant, on the other hand, admits that she signed the voucher in the room indicated, but denies, with equal positiveness, that her father ever paid her the money. She states that vouchers 6 and 7 were both written and signed on November 2, 1907; and that voucher No. 6 was given for the $500 which her father deposited to her credit in the Morgantown Bank on the preceding day, November 1st; while voucher No. 7, although signed on November 2d, was post-dated to November 15th, "for lack of money on hand for settlement at that time." The appellee says, however, that voucher No. 6, of date November 2d, was written on November 15th, and given for the $500 which he had deposited in the bank to appellant's credit on November 1st. No other witness testifies as to the payment of this money; and it is not claimed by either party that any other person was present when voucher No. 7 was signed, or when the money is claimed to have been paid.

No explanation is given for the long delay, from January, 1908, to May, 1910, in bringing this suit. The appellant's receipt made a prima facie case for appellee. The burden of proof was upon the appellant to make out her case, by overcoming her receipt, and that she has failed to do so.

The facts of this case bring it within the well-established rule, that the finding of the chancellor on an issue of fact will not be disturbed by this court if the truth of

the matter is in doubt, and the evidence in favor of his. finding is as strong as the evidence against it. Roberts v. Williams, 28 Ky. Law Rep, 1084; Wilson v. Hall, 31 Ib., 119; Sebree v. Thompson, 31 Ib., 1148. Under all the circumstances, we are not inclined to disturbed the finding of fact of the chancellor.

: . Judgment affirmed.