THE FIRST NATIONAL BANK OF FORMOSO, *Appellee*, v. J. M. LIVINGOOD *et al.*, *Appellants*.

No. 16,648.

SYLLABUS BY THE COURT.

ATTACHMENT—*Sale of Property—Dissolution—Determination of Plaintiff's Right to Proceeds under a Chattel Mortgage.* Where an action in attachment is begun, and property is attached therein and is sold by order of court and converted into money, and thereafter the attachment is dissolved and the action dismissed, a court may, while the money remains in the custody of its officers, hear and determine, on motion therefor, the claim of the plaintiff (who claims to have a chattel mortgage on the property) as to his right to have the money—the proceeds of the sale—delivered to him instead of to the defendant in the action.

Appeal from Jewell district court; Opinion filed July 9, 1910. Affirmed.

*R. S. Hanley*, and *R. W. Turner*, for the appellants.
*Robert Postlethwaite*, for the appellee; *J. C. Postlethwaite*, of counsel.

The opinion of the court was delivered by

SMITH, J.: The appellee brought an attachment proceeding upon two promissory notes, before the maturity thereof. The sheriff levied the attachment upon several head of live stock on which the plaintiff held a mortgage to secure the same notes. While the action was pending the plaintiff obtained an order from the

court for the sale of the live stock, which order was executed by the sheriff, the stock was sold, and the proceeds of the sale ($393.25) were deposited with the clerk of the court. Thereafter, on the motion of the defendants, the court dissolved the attachment, for the reason that the grounds upon which it was allowed were not sustained by the evidence. Thereupon the plaintiff dismissed the action, and judgment was rendered against it for costs.

At the next ensuing term of the court, the money derived from the sale of the stock being still in the hands of the clerk, the plaintiff procured an order from the court for the clerk to pay the money to it. On the hearing of the motion for such order the plaintiff presented evidence that all the live stock sold was mortgaged to it by the defendants to secure the payment of the notes, and that the mortgage had been of record during all the time of the proceedings.

The defendants contend that upon the dissolution of the attachment and the rendition of the judgment in their favor the action was terminated, that at the next term of the court there was no action pending in which the plaintiff could file a motion, and that the court had entirely lost jurisdiction in the matter. Upon the determination of the question whether the court had jurisdiction to dispose of this money in the hands of the clerk of the court depends the decision of this case.

In an attachment proceeding the property is attached as belonging to the defendant, and the entire case proceeds upon that theory until at least this presumption is overcome by evidence. Hence it is provided in section 213 of the code of 1909:

"If judgment be rendered in the action for the defendant the attachment shall be discharged, and the property attached or its proceeds shall be returned to him."

Upon the conversion of the property into money,

through the sale thereof by the sheriff under the orders of the court, the money took the place of the property, and was held under the attachment in the custody of the law; and upon the rendition of judgment for the defendants they were entitled to an order for a return to them of the money, as they would have been entitled to an order for a return of the property if no sale had been had. This right, however, is not absolute, but pending a motion for a rehearing or upon appeal the order may be stayed. (*Washer v. Campbell*, 40 Kan. 748, 751; *Miller v. Dixon*, 2 Kan. App. 445.) So long as the property (or the proceeds thereof) remains in the custody of the law, the court has jurisdiction over it to make any proper order in reference thereto.

It is contended by the defendants that the court had no jurisdiction on the motion to hear and determine any matters which might be controverted—such, for instance, as the existence of the mortgage or whether or not any amount of money remained unpaid thereon, for the reason that the principal action had been fully disposed of and the term of court at which it was heard had expired. Had any showing or even a statement of counsel been made that there was a dispute as to the existence of the mortgage or the amount due thereon, or that the amount due thereon was less than the sum of money in the hands of the clerk, and had a request been made that pleadings be had and issues framed, probably the request should and would have been granted; but no such request was made, and there was no attempt on the hearing of the motion to attack the validity of the mortgage shown to have been of record, or to show that a sum as great or greater than the amount of money in the hands of the clerk did not remain unpaid thereon. In short, the only question presented to the court for determination was as to whom the money belonged and to whom it should order it delivered. The plaintiff made a *prima facie* showing

that it belonged to him.   The defendants made no showing whatever, and raised no issue whatever.

The plaintiff by his attachment proceeding lost no right to proceed under his mortgage against the mortgaged property or the proceeds thereof.   (*Commission Co. v. Bank,* 79 Kan. 761.   See, also, *Rossiter v. Merriman,* 80 Kan. 739.)   The money in question in this case was unquestionably in the custody of the law, and the officer who had the custody thereof was subject to the orders of the court.   (3 A. & E. Encycl. of L. 183.)   At page 1801 of volume 2 of Words and Phrases Judicially Defined it is said:

"A thing is *in custodia legis* when it is shown that it has been and is subjected to the official custody of a judicial executive officer in pursuance of his execution of a legal writ.   The officer holding such a thing can not, after he has made his return of the writ, release it on his own motion to anyone claiming title to the thing. Its status as to third parties is fixed by his return, and can be changed only by order of court.   Money received by a trustee in bankruptcy from the sale of property which he has received in his official capacity under the orders of the bankruptcy court is *in custodia legis. McFarland Carriage Co. v. Solanes,* (U. S.) 108 Fed. 532, 536."

(See, also, 4 Cyc. 808, 809.)

An action obviously could not be maintained against the court for the disposition of the money.   No method has been suggested by which this money could have been legally obtained by the plaintiff except by the very proceeding adopted, namely, an order of the court. While the money was subject to the lien of the mortgage, as before said, if it came into the hands of the mortgagor the usual methods of foreclosing a chattel mortgage were not possible of application.   After the money came into the hands of the mortgagor it would be next to impossible to identify it.

We think the court proceeded properly, and its order is affirmed.