No. 19,285.

JULIA A. McLAIN, *Appellant,* v. M. V. B. PARKER, *Appellee.*

SYLLABUS BY THE COURT.

ATTACHMENT—*Judgment for Defendant—Discharge of Attachment is Provisional—Lien Effectual upon Final Judgment for Plaintiff on New Trial.* A judgment was rendered for the defendant in an action for the recovery of money in which real estate had been attached. Upon appeal the judgment was reversed, and later a judgment was rendered for the plaintiff. The attached property was then sold upon special execution to satisfy the judgment. It is held that the discharge of an attachment in case a judgment is rendered for the defendant, as provided in section 213 of the civil code, is provisional, and if upon appeal and reversal the plaintiff recovers a final judgment, the attachment remains effectual between the parties, and a sale of the real estate regularly made should be confirmed.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed June 6, 1914. Affirmed in part and reversed in part.

*W. R. Thurmond,* of Kansas City, Mo., for the appellant; *C. W. Gorsuch,* of Olathe, *Hoyt A. Poorman,* and *Flavel Robertson,* both of Kansas City, Mo., of counsel. *I. O. Pickering,* of Olathe, for the appellee.

36—92 KAN.

The opinion of the court was delivered by

BENSON, J.: This appeal is from orders of the district court made upon the return of a sheriff upon a special execution issued upon the judgment in this action, referred to in the case of *Parker v. McLain,* ante, p. 554. The facts stated in the opinion in that case are referred to here in connection with other facts pertinent to this case, now to be stated.

Before the first judgment in this action was reversed a motion to dissolve the attachment had been sustained except as to lots 3 and 4 and the Fairview property. After the last judgment was rendered an order of sale or special execution was issued for the sale of these two parcels of property remaining under the attachment. A sale was made accordingly. The plaintiff moved for confirmation. The defendant moved to set aside the sale. The court confirmed the sale of lots 3 and 4 but set aside the sale of the Fairview property. The abstracts do not show the reason for this distinction, and none is stated except that in the defendant's brief it is suggested that the court reversed its decision in the case of *Parker v. McLain,* supra, as to the Fairview property. It is not claimed that the proceedings were irregular in any respect, only that by the force of the first judgment for the defendant the attachment was discharged. (Civ. Code, § 213.) The discharge referred to in the section cited is provisional. Where the judgment is reversed and a judgment is afterwards rendered for the plaintiff the attachment of real estate is still effectual. (*Washer v. Campbell,* 40 Kan. 398, 747, 19 Pac. 858, 21 Pac. 671.) There is no question here of the rights of an innocent purchaser accruing between the date of the two judgments, and no opinion is expressed concerning such a situation. (See, also, *Bank v. Livingood,* 83 Kan. 118, 109 Pac. 987.)

It appears that the district court did not set aside the sale of the Fairview property on the ground that

the attachment had been discharged by the first judgment, for an order was made confirming the sale of the other property sold under the same order.

The court having finally determined in the suit of *Parker v. McLain,* ante, p. 554, that both of these parcels of property were subject to sale to satisfy the judgment in the original case of *McLain v. Parker,* and no irregularity appearing in the proceedings, it follows that the sale should have been confirmed.

The order confirming the sale of lots 3 and 4 is affirmed. The order setting aside the sale of the Fairview property is reversed with directions to confirm the sale.