No. 28,444.

Robert H. Clogston, *Appellee*, v. J. H. White et al., *Appellants*.

(274 Pac. 745.)

Opinion on rehearing filed February 19, 1929. (For original opinion of affirmance see 127 Kan. 399, 274 Pac. 458.)

*J. M. Pleasant,* of El Dorado, and *F. W. Driscoll,* of Kansas City, Mo., for the appellants.

*Gordon A. Badger,* of Eureka, for the appellee; *Robert H. Clogston,* of Eureka, *pro se.*

The opinion of the court was delivered by

Dawson, J.: In a petition for a rehearing counsel for appellant reargues the matters covered in our first opinion. The court is satisfied with its disposition of the error assigned on the admission of evidence touching the plaintiff's reason for limiting his demand so that the cause could not be removed to the federal court. That point needs no further discussion.

But touching the computation of interest on plaintiff's demand and its allowance by the trial court, appellant now makes the point that until the jury returned its verdict the exact amount due plaintiff was not absolutely fixed, that under the evidence the jury might have found a different sum than the precise amount prayed for by

plaintiff. Counsel for the appellee tacitly admits the force of this argument. He now says:

"We agree with counsel that the value of the services of Clogston as an attorney was for the jury to determine. . . .

"We might add, however, that even if it be conceded that the addition of this interest was erroneous, it furnishes no ground for either a reversal of the case or the granting of a rehearing, but this court has ample authority to order that the judgment be reduced by eliminating the interest between the date of the filing of the suit and the date of the judgment, and if the court should conclude that including this interest was erroneous the whole matter can be corrected by merely modifying the original opinion of the court in this matter accordingly, thus obviating the necessity of either a rehearing or a new trial."

Since the value of plaintiff's services required a jury's determination, interest could not begin to run until that value was ascertained, consequently the judgment of the district court requires modification by computing the interest from the date of the judgment instead of from the date the action was begun.

Thus modified the judgment will be affirmed.