No. 31,560

THE H. & M. TIRE SERVICE COMPANY, *Appellant*, v. (ZELTA L. COMBS, doing business as THE COMBS TRUCK COMPANY, *Defendant*), WALTER MEAD, Clerk of the District Court of Reno County, *Appellee*.

(34 P. 2d 943.)

Opinion filed July 7, 1934.

*A. Lewis Oswald* and *John Fontron*, both of Hutchinson, for the appellant.
*Walter F. Jones*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question for determination is the liability of the clerk of the district court under proceedings in garnishment.

In a divorce action the defendant, Zelta L. Combs, was awarded an auto truck. It was destroyed by fire, and in a suit brought to recover insurance on it the insurance company filed an answer alleging the husband claimed the truck, and he made a claim to the insurance moneys which had been paid into court on May 8, 1933.

On May 18, 1933, a judgment was rendered in favor of Zelta L. Combs, and the money, less certain fees and costs, was ordered paid to her. Later on the same day the present action was filed. A garnishee summons was issued for the clerk of the court and was given to the sheriff and the same was served on the clerk the following morning. Before the garnishee summons was served counsel for Zelta L. Combs appeared, and, on application, the judgment in her favor was set aside and a new judgment was rendered ordering the clerk to pay the money to Walter F. Jones, assignee of Zelta L. Combs. The payment was made June 5, 1933. It appears that the assignment from Mrs. Combs to Walter F. Jones reached the clerk prior to the service of the garnishee summons upon him.

The garnishee filed an answer setting up receipt of money in the first-mentioned suit, trial of that suit and the order made May 18, 1933, the receipt on May 19, 1933, of the assignment from Mrs. Combs to Jones, that the original judgment was set aside, and judgment rendered for payment as per journal entry of June 5, 1933. Exceptions were filed to the garnishee's answer. The matter was heard by the court, which, among other findings of fact, found that the garnishee summons was served the morning of May 19, 1933, and subsequent to setting aside of the judgment and receipt of the assignment. The court found there was no liability of the clerk.

The plaintiff appeals assigning as error the court's refusal to sustain exceptions to the answer of the garnishee.

Appellant argues that the clerk, having issued the garnishment summons, had constructive notice of it and was bound thereby notwithstanding the summons was not served on him until after the clerk had received the assignment and the original order of the court had been set aside and the order made directing payment to Jones, and that Jones, representing Mrs. Combs, having taken the first judgment in her favor without disclosing the assignment, was estopped to claim under the assignment as against the plaintiff.

There is nothing in the record to show when the assignment from Mrs. Combs to Jones was executed and delivered, but the argument that it did not reach the clerk prior to the issuance of the garnishment summons seems to concede it was in existence when the instant action was filed.

In 28 C. J. 104 it is said:

"Property and credits which have been transferred or assigned by defendant cannot subsequently be subjected to garnishment as belonging to him."

A number of Kansas cases are cited in support of the text, among them being *Fairbanks, Morse & Co. v. Inglitt,* 106 Kan. 488, 188 Pac. 248, wherein the syllabus reads:

"Rule followed that an attachment only seizes the property of the debtor, not that which the latter has theretofore lawfully transferred to another person." (Syl. ¶ 3.)

In *Johnson v. Brant,* 38 Kan. 754, 759, 17 Pac. 794, it was said:

"Garnishment proceedings bind just such property, money and credits, and only such, as belong to the defendant and are not exempt from attachment and garnishment, and are in the hands of the garnishee or owing by him to the defendant, at the time when the garnishee notice is served upon the garnishee. (Civil Code, § 206.) At [As] to what and the time when the lien attaches, see *Phelps v. A. T. & S. F. Rld. Co.,* 28 Kan. 165; *Muzzy v. Lantry,* 30 id. 49; *B. & M. R. Rld. Co. v. Thompson,* 31 id. 180. A plaintiff in garnishment proceedings can never obtain a garnishment lien upon more in the hands of the garnishee than the defendant owns, and where the property or fund is exempt from judicial process, he cannot obtain a lien upon even that much." (p. 759.)

See, also, 12 R. C. L. 833.

So far as the matter of estoppel is concerned, Mrs. Combs had made an assignment to Jones prior to the time the instant suit was filed. Jones could have collected the first judgment rendered notwithstanding the garnishment summons. Therefore the rendition of that judgment in favor of Mrs. Combs could not be relied on by appellant as estopping Jones from collecting, or as preventing the rendition of the second judgment in which the moneys were ordered paid to him.

Under the facts, the decision of the trial court was correct.

Although not urged by the appellee, for another very sufficient reason, the court's conclusion was correct. R. S. 60-955 recites:

"No judgment shall be rendered upon a liability of the garnishee arising either: . . . *Third.* By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer."

The judgment of the trial court is affirmed.