KENNETH E. TAGUE, *Appellant,* v. R. D. HUDSPETH, Warden, Kansas State Penitentiary, et al., *Appellees.*

No. 38,323

KENNETH E. TAGUE, *Petitioner,* v. R. D. HUDSPETH, Warden, Kansas State Penitentiary, et al., *Respondents.*

(231 P. 2d 209)

No. 38,311.

Opinion filed May 12, 1951.

No. 38,323.

Opinion filed May 12, 1951.

No. 38,311. *Patrick J. Warnick,* of Wichita, argued the cause and *Henry Martz, Alan B. Phares,* and *Clyde M. Simon,* all of Wichita, were with him on the briefs for the appellant. *C. Harold Hughes,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, *Thomas F. Seed,* county attorney, and *Robert L. Morrison,* assistant county attorney, were with him on the briefs for the appellees.

No. 38,323. *Patrick J. Warnick,* of Wichita, argued the cause for the petitioner. *C. Harold Hughes,* assistant attorney general, argued the cause for the respondents.

The opinion of the court was delivered by

WEDELL, J.: The questions involved grow out of habeas corpus proceedings. Petitioner first filed a petition for a writ in the district court of Sedgwick county alleging he was illegally restrained of his liberty by R. H. Hudspeth, warden of the state penitentiary, his deputy, and by Robert S. Gray, sheriff of Sedgwick county. Following the hearing the writ was denied and petitioner appealed to this court. Thereafter petitioner also instituted an original proceeding for a writ in this court. The same legal questions are presented in each proceeding. The facts in the proceeding filed originally in this court are the same as those contained in the appeal. Both cases may be disposed of in one opinion.

On May 12, 1949, petitioner was convicted, pursuant to a plea of guilty, of operating a gaming house in the city of Wichita contrary to the provisions of G. S. 1949, 21-915. His plea was entered before the late Honorable I. N. Williams, judge of the fourth division of the district court of Sedgwick county. Petitioner was sentenced to serve a term of imprisonment and hard labor in the state penitentiary for a term of not less than one year nor more than five years, as provided by G. S. 1949, 21-915. On the same day the same district judge paroled petitioner for a period of two years, ". . . subject to the approval of the Parole Board of the 18th Judicial District," and subject to the provisions that he violate no laws of the

United States, state of Kansas, or the city of Wichita and subject to other conditions not here material.

On September 12, 1950, sixteen months after the parole had been granted, petitioner filed a motion in the *third* division of the district court of Sedgwick county for a release from the parole previously granted. The order of that date made by the Honorable Clair E. Robb, judge of the third division, recites petitioner was released and fully discharged from the parole originally granted. On September 25, 1950, the parole board of the eighteenth judicial district, upon motion of the Honorable George Austin Brown, judge of the fourth division, in which division petitioner was originally sentenced and paroled, considered the discharge and ordered that it be not approved. The record discloses that on the following day Judge Clair E. Robb of the *third* division entered an order on his own motion setting aside his former order of discharge on the ground it was made through "error and mistake" and for the further reason, ". . . the Judge of the Third Division . . . did not know what was contained in said order of discharge."

On the same day, September 26, 1950, Judge George Austin Brown of the fourth division, revoked the parole of the petitioner and directed the sheriff to apprehend him and execute the sentence previously rendered in the fourth division of the court on May 12, 1949. A commitment was issued directing the sheriff of Sedgwick county to execute the sentence. Petitioner was delivered into the custody of the warden of the penitentiary where he remained until ordered to appear in the district court of Sedgwick county to stand trial on another criminal charge in the district court of that county. While in Sedgwick county he filed the first mentioned petition for a writ.

Between the dates of the order discharging petitioner and the subsequent order setting aside the discharge and the order revoking the parole petitioner was also arrested by a deputy United States marshal on a federal warrant, was arraigned before a United States commissioner and was released on bond. The district court of Sedgwick county found there was no evidence the federal government or any of its agents or officers had or were demanding petitioner's return to their custody. Petitioner was remanded to the custody of the warden of the penitentiary.

The petitioner contends he is unlawfully restrained of his liberty in that he is no longer in the legal custody of the warden of the penitentiary or the sheriff of Sedgwick county. He admits he was

paroled subject to the approval of the parole board; he was paroled on the condition he violate no laws of the United States, the state of Kansas or the city of Wichita; that he was charged with the commission of other offenses prior to the expiration of his two year parole.

Petitioner, however, argues he obtained an absolute discharge prior to the time he was charged with the commission of a federal, or any other, offense, and that after his absolute discharge no parole existed which could be violated or revoked. He asserts an absolute discharge is something more than a release from parole, that it terminates the sentence and constitutes a remission of the remaining portion of the sentence. That such is the general effect of a valid absolute discharge may be conceded. (67 C. J. S., Pardons, § 26.)

Respondents' first answer to petitioner's contention is no valid absolute discharge was granted. In support of that position respondents remind us the instant discharge was issued sixteen months after the parole was granted. They rely on G. S. 1949, 62-2209, which pertains to absolute discharges and to the particular portion thereof relating to a discharge from parole in felony cases, which reads:

"No person paroled under the provision of section 5 [62-2205] of this act shall be granted an absolute discharge at an earlier period than two years from the date of his parole. . . ."

G. S. 1949, 62-2205 pertains to bonds required for paroles issued under provisions of G. S. 1949, 62-2203 in felony cases.

Petitioner admits he was paroled under G. S. 1935, 62-2203, but emphasizes that this parole section was amended in June, 1949, prior to his discharge in September, 1950. He argues that such section as amended conflicts with G. S. 1949, 62-2209 and repeals the latter section by implication.

It may be conceded that G. S. 1935, 62-2203 as amended conflicts with G. S. 1949, 62-2209 in part. One portion of the last mentioned section provides:

". . . nor shall such parole continue for a longer period than ten years. . . ."

G. S. 1935, 62-2203 as amended, in part, reads:

"The period of parole, together with any extension thereof, shall not exceed five years."

It immediately is observed those provisions in both sections pertain to the maximum period of a parole and not to the subject of an absolute discharge. The question now under consideration does not pertain to the maximum period of parole. The question is within what time an absolute discharge may be granted. We find no conflict in the statutes on that subject. The question is governed by the statute which relates specifically to the subject of absolute discharge and not by a statute which pertains generally to the subject of paroles and their termination for violation of terms or conditions thereof. We find no repeal by implication of the provision which prohibits an absolute discharge at an earlier period than two years from the date of the parole.

It is elementary that repeals by implication are not favored. It is true, as petitioner contends, that where successive acts of the legislature covering the same subject matter are in irreconcilable conflict with each other, the last expression of the legislative will prevails. (*Arkansas City v. Turner, State Auditor,* 116 Kan. 407, 226 Pac. 1009; *Board of Education v. Turner, Auditor,* 116 Kan. 735, 229 Pac. 74.) Here, as previously indicated, there is no repugnancy with respect to the specific subject of an absolute discharge. It is also well to note that G. S. 1949, 62-2203 as amended was not an act complete in itself and did not purport to cover the entire field of both paroles and absolute discharges. Moreover a later act on the same general subject repeals provisions of a former act by implication only to the extent of repugnancy with the later act. (*Board of Education v. Turner, Auditor,* supra.) It follows the earlier section pertaining to an absolute discharge was not superseded by the later amendment of another section pertaining only to paroles and was not repealed. (50 Am. Jur., Statutes, § 543.)

Upon examination of the records it was found the instant discharge was granted by the judge of the third division within sixteen months from the date of parole in direct violation of a specific statutory prohibition. The parole board refused to approve the discharge. The judge of the third division set aside his former order of discharge. Thereafter the judge of the fourth division, in which petitioner was sentenced and paroled, revoked the parole. We think the writ was properly denied.

Respondents insist the writ was properly denied on another

ground. There may be merit in the contention but in view of the record we prefer to rest our decision on the ground already stated.

The writ is denied.