No. 41,687

ADAM MANNEL, *Appellant,* v. PAUL MANNEL and FERN COOPER, *Appellees.*

(348 P. 2d 626)

Opinion filed January 23, 1960.

*Theodore M. Metz,* of Lincoln, argued the cause and was on the brief for appellant.

Appellees make no appearance.

The opinion of the court was delivered by

SCHROEDER, J.: The sole question presented by this appeal is whether funds of Fern Cooper for alimony in the hands of the clerk of the district court of Reno County are subject to garnishment.

Adam Mannel, appellant, is the father of the appellee, Paul Mannel, and was the father-in-law of the appellee, Fern Cooper (then Fern M. Mannel), until she was granted a divorce from Paul

Mannel. Both Adam and Paul Mannel are residents of Lincoln County, Kansas, and Fern Cooper is a resident of Reno County, Kansas. The appellees, during their marriage, were residents of Lincoln County.

On October 21, 1957, Fern Cooper was granted a divorce in the district court of Reno County from Paul Mannel. No property settlement was ever made between the parties. The court awarded the plaintiff, Fern Cooper, certain items of personal property and alimony in the sum of $5,500, payment of which was to be made $1,000 on or before January 1, 1958, $710 on or before October 15, 1958, and the balance in seven installments payable October 15th of each year. In addition to the alimony the court decreed that the defendant pay the sum of $30 per month for the support of a child born to the plaintiff and defendant. No order was made by the Reno County district court in the divorce action relative to outstanding indebtedness of the parties or who should be responsible for it.

During the marriage of the appellees they borrowed from Adam Mannel the sum of $2,000 and gave a promissory note for this amount. No payment had ever been made on the note. The appellant brought an action in the Lincoln County district court and obtained judgment against the appellees, jointly and severally, in the sum of $2,465.60. Neither of the appellees filed any pleadings in that action, either before or after judgment.

On October 9, 1958, the clerk of the district court of Lincoln County issued an execution against Fern Cooper directed to the sheriff of Reno County. This execution was returned by the sheriff on the 16th day of October, 1958: "No Goods nor Property found in my County." The appellant then filed an affidavit in garnishment after judgment with the clerk of the district court of Lincoln County setting out the first execution and its return and praying for a garnishment order to the clerk of the district court of Reno County. On October 17, 1958, another execution was issued to the sheriff of Reno County and a garnishment order in aid of execution was issued to the clerk of the district court of Reno County.

On the 15th day of October, 1958, Paul Mannel paid into the clerk of the district court of Reno County the sum of $710 pursuant to the judgment of the Reno County district court in the divorce action. On October 22, 1958, while this money was still in the hands of the clerk of the district court in Reno County, the clerk

was served with the garnishment order in aid of execution issued out of the district court of Lincoln County. The clerk in Reno County answered the garnishment setting up the payment of Paul Mannel in the sum of $710 and stated in his answer: "That said money is not subject to garnishment proceedings as said money was received in his official capacity and not subject to garnishment per sec. 60-955 G. S. of Kansas, 1949."

The sheriff of Reno County returned the second execution on October 22, 1958, with the notation: "No property nor goods found in my county."

After the clerk of the district court of Reno County answered the garnishment, the appellant filed a motion in the district court of Lincoln County requesting an order directing the clerk of the district court of Reno County to pay into the clerk of the district court of Lincoln County the $710 in his hands belonging to Fern Cooper. Copies of this motion were mailed to the clerk of the district court of Reno County and Fern Cooper.

We are informed in the brief of the appellant that William Cole appeared as an attorney for Fern Cooper in opposition to the motion, but we have not been favored on appeal by the appearance of either of the appellees.

The district court of Lincoln County, after taking the matter under advisement, denied the appellant's motion on the 8th day of June, 1959. Appeal has been duly perfected from this order and ruling.

We shall consider only the issue presented by the appellant in his brief.

The appellant contends the money in question is subject to garnishment and the clerk of the district court of Reno County ought to have been directed to pay said money to be applied on the judgment of the appellant pursuant to the provisions of G. S. 1949, 60-965. This section provides:

"The interest or share of any debtor in money or property in the hands of fiduciaries or in *custodia legis* although contingent or undetermined may be garnished in like manner as other money or property: *Provided,* That no such interest or part in such money or property shall be taken from the custody of the officer of the court in whose possession it is at the time of such garnishment until the conclusions of the action or proceeding in which it is being held: *Provided further,* That moneys exempt by law, proceeds of exempt property and compensation for personal injuries shall not be subject to such garnishment."

It is noted the answer of the clerk of the district court of Reno County relied upon G. S. 1949, 60-955, in denying that the funds were subject to garnishment. Presumably, this section of the statute was the basis for the ruling of the trial court.

In 1934 the decision of *H. & M. Tire Service Co. v. Combs,* 140 Kan. 35, 34 P. 2d 943, pursuant to R. S. 60-955 (now G. S. 1949, 60-955) held that moneys in the hands of the clerk of the district court, and for which he is accountable to the defendant merely as such officer, are not subject to garnishment. Insofar as pertinent, 60-955, *supra,* recites:

"No judgment shall be rendered upon a liability of the garnishee arising either:

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"*Third.* By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer."

In 1945, however, the legislature enacted G. S. 1949, 60-965, which was subsequent to *H. & M. Tire Service Co. v. Combs,* supra. This section of the statute, being the latest expression of the legislature on the subject, takes precedence over 60-955, *supra.* Where there is an irreconcilable conflict between the provisions of two statutory sections, the latest expression of the legislature upon the subject must be regarded as the existing law, and it operates to repeal the earlier provision to the extent of the repugnancy in the two acts, although both may be incorporated in the General Statutes. (*Board of Education v. Turner, Auditor,* 116 Kan. 735, 229 Pac. 74; *Arkansas City v. Turner, State Auditor,* 116 Kan. 407, 226 Pac. 1009; *School District v. Community High School,* 126 Kan. 51, 267 Pac. 23; and see, *State, ex rel., v. Robb,* 143 Kan. 527, 55 P. 2d 815; and *Tague v. Hudspeth, Warden, et al.,* 171 Kan. 225, 231 P. 2d 209.)

Since the enactment of 60-965, *supra,* the only case to come before this court under the section was *DePriest v. Ransom,* 165 Kan. 147, 193 P. 2d 191. There funds were garnisheed in the hands of a city treasurer of the city of Topeka pursuant to this section of the statute. Garnishment was disallowed because the funds were exempt property under the exemption of the section, but nowhere does the court question the authority of a judgment creditor to garnishee money in the hands of a public officer.

Section 60-965, *supra,* specifically states that money held in *custodia legis* may be *garnisheed in like manner as other money or*

*property.* There can be no doubt that the clerk of the district court of Reno County held the money for the appellee, Fern Cooper, in *custodia legis.* In *Bank v. Livingood,* 83 Kan. 118, 109 Pac. 987, the court said:

"'A thing is *in custodia legis* when it is shown that it has been and is subjected to the official custody of a judicial executive officer in pursuance of his execution of a legal writ . . .'" (p. 121.)

It does not appear from the record that the funds in question come within any of the exceptions stated in 60-965, *supra.* The funds were not exempt by law nor are they the proceeds of exempt property. The divorce action in which the funds were held had been concluded, and the judgment had become final. The $710 belonged to Fern Cooper.

We therefore hold the funds in the hands of the clerk of the district court of Reno County were held in *custodia legis* and under 60-965, *supra,* were subject to garnishment in like manner as other money or property.

The judgment of the lower court is reversed with directions to proceed in accordance herewith.