Douglas A. SMART, Jr., Plaintiff,

v.

**HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Defendant.**

No. KC–1149.

United States District Court.
D. Kansas.

March 16, 1960.

Steadman Ball (of Ball, Lowry, Stillings & Caplinger) and Maurice P. O'Keefe and Terrence D. O'Keefe (of O'Keefe, Root, McKelvy & O'Keefe), Atchison, Kan., for plaintiff.

J. D. James and Joseph R. Hogsett (of Hogsett, Houts, James, Randall & Hogsett), Kansas City, Mo., and Donald C. Little (of Bates & Little), Kansas City, Kan., for defendant.

ARTHUR J. STANLEY, Jr., District Judge.

This is an action for recovery on a policy of insurance issued by the defendant Hardware Dealers Mutual Fire Insurance Company, hereinafter referred to as insurer. The policy of insurance provided coverage on a commercial building belonging to the plaintiff, which was located in Atchison, Kansas. Through an extended coverage endorsement, the additional risk of damage caused by "windstorm" was included. During the night of July 10–11, 1958, plaintiff's building collapsed, and this action to recover the proceeds of the policy resulted. Plaintiff's claim is that the building was destroyed by windstorm. Insurer contends that the loss and damage were caused by high water or overflow—risks expressly excluded from coverage under the provisions of its policy. It is not disputed that the loss was total.

The issue was tried to a jury which returned a verdict for the plaintiff.

Plaintiff by his petition seeks interest and attorney's fees, and by agreement of the parties the question of their allowance was left for determination by the Court.

■ This action is in this court by reason of diversity of citizenship. The questions now presented, therefore, are governed by the law of Kansas. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Southern Painting Company of Tenn. v. United States, 10 Cir., 1955, 222 F.2d 431.

■ Treating first the question as to whether attorney's fees should be allowed, it is to be noted that Kansas at the present time has two statutes which pertain to their allowance in an action by an assured against an insurance company on an insurance contract. The earlier of these statutes, Kan.G.S.1949, 40–908, provides as follows:

"*Attorney's fee in certain actions.* That in all actions now pending, or hereafter commenced, in which judgment is rendered against any insurance company on any policy given to insure any property in this state against loss by fire, tornado, lightning or hail, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

In 1957, the Kansas legislature saw fit to enact another statute, Kan.G.S.1959 Supp., 40–256, which reads:

"*Attorney fees in actions on insurance policies; exception.* That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in section 40–201 of the General Statutes of 1949, and including in addition thereto any reciprocal or interinsurance exchange on any policy or certificate of any type or kind of insurance, *if it appear from the evidence that such company or exchange has refused without just cause or excuse to pay the full amount of such loss,* the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs"

(emphasis supplied): *"Provided, however,* That when a tender is made by such insurance company or exchange before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

Before determining whether attorney's fees may be awarded in this action, it will be necessary to determine which statute is applicable, as there is nothing in the 1957 statute, G.S. 40–256, explicitly repealing the earlier statute. I have found no Kansas case dealing with the effect of the enactment of G.S. 40–256 on G.S. 40–908.

Although Kansas adheres to the view that repeal by implication is not favored (see Hatcher's Kansas Digest, Statutes, § 111), it has been held that when a general statute is enacted which covers an entire field previously covered only in part by a limited statute, the limited statute is repealed by implication. Lawton v. Hand, 1958, 183 Kan. 694, 331 P.2d 886; Howard v. Hulbert, 1901, 63 Kan. 793, 66 P. 1041; State ex rel. v. Studt, 1884, 31 Kan. 245, 1 P. 635.

Plaintiff has cited the cases of Dreyer v. Siler, 1957, 180 Kan. 765, 308 P.2d 127, and Ehrsam v. Borgen, 1959, 185 Kan. 776, 347 P.2d 260, as supporting his contention that G.S. 40–908, since it relates only to policies insuring against loss by fire, tornado, lightning or hail, should take precedence over G.S. 40–256, relating to policies of all types. Those cases state the general rule that a statute relating to a specific thing takes precedence over a general statute which *might* be construed to relate to it. Here there is a specific statute, but it is specific only in that it is applicable to certain types of losses insured against (Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour Mills Co., 10 Cir., 1958, 257 F.2d 93); while the so-called general statute encompasses the entire area relative to the allowance of attorney's fees in an action on an insurance contract. This general statute is not one "which *might* be construed to relate" to the specific thing; it does relate to the specific thing, i. e., attorney's fees in actions on insurance policies.

A further comparison of the two statutes reveals what in my opinion is an irreconcilable conflict. The general statute, G.S. 40–256, provides "that *in all actions hereafter commenced,* in which judgment is rendered *against any insurance company * * * on any policy* or certificate *of any type or kind of insurance * * *"* (emphasis supplied), then, with certain other conditions, attorney's fees may be awarded to the assured. Clearly, this statute was meant to and does cover the entire area so that the condition set forth therein would be applicable, *inter alia,* to the few enumerated instances where attorney's fees were previously allowable under G.S. 40–908. As was said by the Kansas Supreme Court in Howard v. Hulbert, supra:

"While the rule is that a general act will not repeal by implication a prior special one applicable to the same matter, yet this is not an invariable rule. And where, from the general act, it is clearly apparent that the legislature intended it to apply to the matter theretofore included in the terms of the special act, it will repeal such special act by implication."

The latest expression of the Kansas court is found in the case of Mannel v. Mannel, 1960, 186 Kan. 150, 348 P.2d 626, 629:

"Where there is an irreconcilable conflict between the provisions of two statutory sections, the latest expression of the legislature upon the subject must be regarded as the existing law, and it operates to repeal the earlier provision to the extent of the repugnancy in the two acts, although both may be incorporated in the General Statutes."

In the absence of a state decision deciding the specific question here considered, I hold that Kan.G.S.1949, 40–908 was repealed by implication by the en-

actment of Kan.G.S.1959 Supp., 40–256, and that the latter is now the only statute in Kansas effectively providing for the allowance of attorney's fees in an action by an assured against an insurance company (as therein defined) regardless of the risk insured or the cause of the loss.

■■ A determination that G.S. 40–256 is applicable now necessitates a comparison of the conditions specified therein with the facts presented in this case. The statute requires, before attorney's fees may be assessed against an insurer, that "it appear from the evidence that such company or exchange has refused without just cause or excuse to pay the full amount of such loss." It was the contention of the insurer, before and during the trial of this action, that the loss which plaintiff suffered was occasioned by flood, high water or overflow— an excluded peril. The evidence adduced during the trial established without question that a flood did occur during the night of July 10–11, 1958; that high water or overflow did engulf the area occupied by the insured structure; and that winds of some velocity were present. The question submitted to the jury for its determination was as to whether the damage to plaintiff's building was caused by windstorm prior to the flood, or whether the flood was the cause of the damage. This issue presented a close question of fact and was hotly contested. the mere fact that the question was determined adversely to the insurer does not *ipso facto* render the insurer liable for attorney's fees under the statute. I cannot say that the insurer's refusal to pay the full amount of the claimed loss was without just cause or excuse when there were two separate events occurring within such a short space of time, either of which could have been the cause of the loss.

Attorney's fees will not be awarded to the plaintiff in this action.

■ The question of allowance of interest in this action is dependent upon the law of Kansas, the place where the contract was entered into and where it was to be performed. Southern Painting Company of Tenn. v. United States, supra; Wyoming Construction Co. v. Western Casualty & Surety Co., 10 Cir., 1960, 275 F.2d 97.

The Tenth Circuit has in two recent cases arising under Kansas law determined that Kansas would not allow interest where the amount found to be due and owing was unliquidated. Millers' Nat. Ins. Co., Chicago, Ill. v. Wichita Flour Mills Co., 10 Cir., 1958, 257 F.2d 93; Leader Clothing Co. v. Fidelity & Casualty Co. of N. Y., 10 Cir., 1956, 237 F.2d 7. In the Leader case the court said at page 12:

"Kansas G.S.1949, § 16–201 in part provides: 'Legal rate. Creditors shall be allowed to receive interest at the rate of six percent per annum when no other rate of interest is agreed upon, for any money after it becomes due; for money lent or money due on settlement of account, from the day of liquidating the same and ascertaining the balance * * * for money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts * * *.' As we said in Southern Painting Co. of Tenn. v. United States, 10 Cir., 222 F.2d 431, 434, 'Kansas has consistently held that interest is not recoverable on unliquidated claims until the amount due has been ascertained.' It is our conclusion from a review of the facts of this case that this case involved an unliquidated claim and that it, therefore, would be inequitable to exact interest other than from the date of the judgment. Assuming that from the beginning there were sufficient facts to show that thefts had occurred which would impose liability, the amount thereof was very much in dispute. The amount of inventory shortage resulting from these thefts was a hotly contested issue. This was not a case where a mathematical formula or a yardstick, so to speak, could be employed from

which the answer would follow. * * * This was not a case for the application of the maxim 'That is certain which can be made certain.' "

Although plaintiff has cited to the court the case of Beeler v. Continental Casualty Co., 1928, 125 Kan. 441, 265 P. 57, where interest was allowed in a case where the jury was to determine the length of time certain payments were to be made to the plaintiff, this case has not been followed by subsequent decisions of the Kansas court where an unliquidated amount is due the plaintiff. Clogston v. White, 1929, 127 Kan. 668, 274 P. 745. Further, the Tenth Circuit has interpreted the Kansas law relative to interest on insurance proceeds where the amount to be paid the assured was in dispute and, absent some later decision by the Kansas court showing a contrary interpretation, this court is bound by the decision in the Leader Clothing Co. case, supra.

But in this case, are we concerned with an unliquidated amount being claimed by the assured? Plaintiff sought to recover the full amount of the insurance provided and it was not disputed at the trial that the entire building had been destroyed. The sole dispute was as to the cause of the loss. The amount due the plaintiff was not disputed if it should be determined finally that the loss resulted from a covered risk.

In a letter dated July 16, 1958, liability of the defendant was denied. The letter was written by the United Adjustment and Inspection Company, acting for the defendant, and in part reads:

"From what we know of the circumstances, these losses were solely caused by high water or overflow, and none was caused by windstorm or any other peril insured against. This being so, obviously there could be no valid claim under any of these policies."

It appears to me that a liquidated sum was involved in this action which in substance differs little from a suit upon a promissory note when the promissor denies any liability and that issue ultimately is resolved in favor of the promissee.

Plaintiff seeks interest only from the date of the filing of his petition in the State court, August 27, 1958. Interest will be allowed on the liquidated claim of plaintiff from August 27, 1958.

Counsel will prepare and submit an appropriate order in conformity with this opinion.