293 F.2d 558
 HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Douglas A. SMART, Jr., Appellee.
Douglas A. SMART, Jr., Cross-Appellant,
v.
HARDWARE DEALERS MUTUAL FIRE INSURANCE COMPANY, Cross-Appellee.
 Nos. 6578, 6579.
 United States Court of Appeals Tenth Circuit.
 July 13, 1961.
 
 J. D. James (of Hogsett, Houts, James, Randall & Hogsett), Kansas City, Mo. (Donald C. Little (of Bates & Little), Kansas City, Kan., on the brief), for appellant and cross-appellee.
 Steadman Ball (of Ball, Lowry, Stillings & Caplinger), Atchison, Kan., and Terence D. O'Keefe (of O'Keefe, Root, McKelvy & O'Keefe), Atchison, Kan. (N. E. Snyder, Kansas City, Kan., on the brief), for appellee and cross-appellant.
 Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 During the night of July 10-11, 1958, a severe wind and rain storm struck the City of Atchison, Kansas, and plaintiff's business building was destroyed. The defendant insurance company had issued a policy covering the building which, under the extended coverage endorsement, insured against 'direct loss by windstorm.' The policy excluded liability for 'loss caused directly or indirectly by * * * high water or overflow.' The company refused to pay a claim for the loss, and the insured brought this action to recover the amount of the policy. The company denied that the plaintiff's building was destroyed by windstorm, and alleged that the loss and damage was caused by waves, high water or overflow, which perils were expressly excluded from the policy coverage. A trial by jury resulted in a verdict for the plaintiff for the amount of the policy, and judgment was entered thereon. The defendant appeals from the judgment, and the plaintiff cross-appeals from the court's denial of attorney fees.
 
 
 2
 The defendant contends that the trial court erred in refusing to direct a verdict for the defendant because the evidence demonstrated that at least some damage was caused by high water or by the combined and concurring action of high water and wind, and there was no evidence from which the jury could separate the damage and fix the amount of damage caused by the wind. The company concedes that this contention is not well taken if there was substantial evidence from which the jury could find that the plaintiff's entire loss was caused by the wind. It urges, however, that viewing the evidence in the light most favorable to the plaintiff, the only reasonable conclusion is that at least some of the damage was caused by water, or the combined action of wind and water, which would prevent a recovery for the total loss.
 
 
 3
 Subsequent to the entry of the judgment herein, the Kansas Supreme Court considered the liability of an insurance company on its policy covering a building, located within one half block of the one involved in this case, which was damaged by the same storm. A. C. Ferrellgas Corp. v. Phoenix Ins. Co., 187 Kan. 530, 358 P.2d 786. The parties were represented by the same attorneys as appear here, and the defense was that the loss was caused by water and not a windstorm. The witnesses and the evidence in the two cases were substantially the same. The plaintiff's statement that the instructions to the jury in both cases were substantially the same is not denied. In affirming the state district court judgment for the plaintiff, the Kansas Supreme Court said:
 
 
 4
 'Despite what has been said above, and without attempting to detail the evidence, it would seem that there was ample evidence submitted by the plaintiff to show that the trial court did not err in overruling the demurrer to plaintiff's evidence. Many witnesses, including an expert from the University of Kansas, testified concerning the storms during the night of July 10 and 11, 1958, stating that especially near one o'clock in the morning the wind was like a tornado. On the other hand, the evidence of defendant was not particularly convincing in showing that the damage to plaintiff's building could have been caused by flood water. True, water got into the basement and was several inches deep on the first floor. This water apparently came through an open window in the foundation when the water reached several inches deep on the sidewalk and washed the window in. Further, water may well have come in through holes blown in the roof of the building. The chief injury to the building was that the top of the building wall on the street side was moved out toward the street in the center of the wall some six inches to a foot and extending back about eighteen feet on each side. The building was condemned by the city inspector and was torn down by the plaintiff. Professor Andes, a witness for plaintiff, explained how the terrific wind could cause this damage.' A. C. Ferrellgas Corp. v. Phoenix Ins. Co., 187 Kan. 530, 358 P.2d 786, 788.
 
 
 5
 Witnesses in the present case described the winds as coming in big puffs and gusts, roaring, howling, twisting, blowing violently, very severe, terrific, the hardest ever seen, swirling and going in circles, coming from every direction with a lot of noise, and a very severe storm. Photographs showed extreme damage to trees and buildings in Atchison. An expert testified that it was a tornadic type wind which would cause pressure sufficient to raise a roof or 'burst a building.' An eyewitness testified that the front of plaintiff's building fell out into the street before the flood waters arrived. Other buildings in the vicinity also suffered like damage. The evidence is sufficient to present a question of fact for the jury as to whether the plaintiff's building was destroyed by wind alone, and the fact that a flood immediately followed does not, as a matter of law, prevent recovery on the policy.[1] Glens Falls Ins. Co. v. Vestal, 4 Cir., 244 F.2d 78. See Niagara Fire Ins. Co. v. Muhle, 8 Cir., 208 F.2d 191.
 
 
 6
 In diversity actions 'a federal court is but another local forum and the right to recover is measured by the law of the state.' Berger v. State Farm Mutual Automobile Ins. Co., 10 Cir., 291 F.2d 666. In actions to determine statecreated rights, the outcome should be substantially the same insofar as legal rules are concerned, as if the case had been tried in a state court. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Berger v. State Farm Mutual Automobile Ins. Co.,supra. We are convinced that the Ferrellgas decision requires the affirmance of the judgment in this case.
 
 
 7
 The Ferrellgas case holding that under Kansas statute the plaintiff was entitled to a reasonable attorney fee is controlling here. The judgment is affirmed[2] except as to the allowance of attorney fees. The case is remanded with instructions to allow the plaintiff a reasonable attorney fee.
 
 
 
 [1]
 The jury was instructed as follows:
 'If you find from a preponderance of the evidence that the plaintiff's building was directly destroyed by a windstorm, that is to say, that if you find that the originating, operating and efficient cause of such destruction was air in motion of such violence as to be capable of accomplishing the destruction, then the policy of insurance does cover such loss and your verdict must be for the plaintiff.'
 
 
 [2]
 The decision of the trial court denying attorney fees is reported in Smart v. Hardware Dealers Mutual Fire Ins. Co., D.C.D.Kan., 181 F.Supp. 575