**HALLIBURTON OIL PRODUCING COMPANY, Plaintiff,**

v.

**AETNA INSURANCE COMPANY, a corporation, Defendant.**

No. CIV–76–0724–D.

United States District Court,
W. D. Oklahoma.

June 29, 1978.

Charles E. Payne, Oklahoma City, Okl., for plaintiff.

Russell B. Holloway, William C. McAlister, Ronald R. Hudson, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action in which Plaintiff seeks damages for Defendant's alleged failure to properly handle a liability insurance claim. It is asserted that the Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. In its Amended Complaint, Plaintiff alleges that it was issued an oil operators legal liability insurance policy by Defendant; that Plaintiff engaged in an oil well drilling project with Alpha Drilling Company (Alpha) and Heartland Exploration (Heartland); that during the course of the project, Plaintiff's employee advised the driller to circulate the drill stem while the last cement plug set for approximately eight hours; that as a result of this instruction, the drill stem became stuck and was lost; that Plaintiff felt it was responsible for the loss and advised

Defendant of the extent of the loss; that Defendant failed to properly investigate the claim; that in order to prevent further delay, embarrassment and damage to Plaintiff's reputation, Plaintiff reimbursed Alpha and Heartland and obtained a release; and that Defendant has failed to properly handle the claim or reimburse Plaintiff. Plaintiff seeks actual damages in the amount of its reimbursement to Alpha and Heartland, attorney fees, and punitive damages.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant has filed herein a Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto. In support of its Motion, Defendant contends that the Amended Complaint fails to state a claim for actionable negligence as it fails to establish a duty on the part of Defendant to "properly handle" the claim in question; that insofar as Plaintiff's claims for actual and punitive damages are based upon *Christian v. American Home Assurance Co.*, 577 P.2d 899 (Okl.1978), said claims are improper as a matter of law; and that Plaintiff's claim for attorney fees is improper under the circumstances of this case.

In its Brief in opposition to Defendant's Motion to Dismiss, Plaintiff contends that Defendant's delay in handling the claim would affect Plaintiff's reputation and embarrass Plaintiff and the driller in the industry; that Plaintiff was entitled to settle and seek recovery against Defendant; that this case should be continued until such time as the mandate is issued in *Christian v. American Home Assurance Co., supra*;[1] and that the Court may in its discretion award attorney fees to Plaintiff based on the acts of the Defendant.

 In a Rule 12(b)(6) motion to dismiss, factual allegations should be construed favorably to the pleader. *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Callaway v. United States*, 568

F.2d 684 (10th Cir. 1978). Thus, the allegations in the complaint must be taken as true. *Cruz v. Beto, supra; Dewell v. Lawson*, 489 F.2d 877 (10th Cir. 1974). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the claimant can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), *Cruz v. Beto, supra; Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States, supra*.

 In *Christian v. American Home Assurance Co., supra*, the Oklahoma Supreme Court approved and adopted "the rule that an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." 577 P.2d at 904. Furthermore, *Christian* appears to have determined the availability of punitive damages against an insurer for any type of insurance claim and does not appear to be limited to disability insurance claims as Defendant suggests. In the instant case, Plaintiff appears to have stated a claim for relief under *Christian* as Plaintiff is seeking actual and punitive damages for Defendant's alleged failure to act in good faith in dealing with the claim of Alpha and Heartland against Plaintiff. Therefore, the Court finds and concludes that Plaintiff's Amended Complaint is sufficient to withstand Defendant's Motion to Dismiss.

 Turning to Plaintiff's claim for attorney fees, it should be noted that state law with respect to the allowance of attorney fees must be applied in diversity litigation. *Toland v. Technicolor, Inc.*, 467 F.2d 1045 (10th Cir. 1972); *Hardware Dealers Mutual Fire Insurance Co. v. Smart*, 293 F.2d 558 (10th Cir. 1961). Under the so-called "American Rule" which is followed in Oklahoma and governs the award of attorney fees to a prevailing party, attorney fees

---

1. This contention is now moot.

are not ordinarily recoverable in the absence of a statute or an enforceable contract. *City National Bank & Trust Co. v. Owens*, 565 P.2d 4 (Okl.1977); *see Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *see also Communication Workers Local 6003 v. Jackson*, 516 P.2d 529 (Okl.1973); *Miller v. Liberty National Bank and Trust Co.*, 391 P.2d 269 (Okl.1964). However, several exceptions to the "American Rule" have been recognized so that attorney fees may be awarded when an opponent has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *City National Bank & Trust Co. v. Owens, supra.* As Plaintiff's cause of action in the instant case is based on Defendant's alleged failure to act in good faith in dealing with Plaintiff's claim under an insurance policy issued by Defendant, it appears that Plaintiff may be entitled to attorney fees under the "bad faith" exception to the "American Rule."

In view of the foregoing, the Court finds and concludes that Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted should be overruled. Accordingly, Defendant is directed to answer Plaintiff's Amended Complaint within 15 days of this date.